```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| HOUSTON REFINING LP, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-07-2560 |
| | § | |
| UNITED STEEL, PAPER AND FORESTRY, | § | |
| RUBBER, MANUFACTURING, ENERGY, | § | |
| ALLIED INDUSTRIAL AND SERVICE | § | |
| WORKERS INTERNATIONAL UNION, | § | |
| | § | |
|     Defendant. | § | |

**ORDER**

Presently pending before the court is Defendant's Motion for Attorney's Fees (Docket Entry No. 29) and the response filed thereto. Defendant argues that it is entitled to reimbursement of its attorney's fees because Plaintiff's position in this lawsuit was without justification.

After reviewing the pleadings and the case law cited, the court finds that Plaintiff's position in this suit cannot be characterized as frivolous or without justification because it was based on legal grounds, that is, whether the arbitrator exceeded his authority by ignoring the language of the collective bargaining agreement ("CBA") and by incorporating the terms of the Family Medical Leave Act into the CBA. See Glover v. IBP, Inc., 334 F.3d 471, 477 (5th Cir. 2003)(holding that district court should not award attorney's fees to prevailing party when challenge to arbitrator's authority was not frivolous); Amalgamated Meat Cutters & Butcher Workmen, Local 540 v. Great W. Food Co., 712 F.2d 122,

125-26 (5th Cir. 1983)(stating that court should not award attorney's fees to party that prevailed on enforcement of arbitral award unless the noncomplying party's refusal to abide by the award was without justification).  Accordingly, Defendant's motion for attorney's fees is **DENIED**.

    **SIGNED** this 7th day of July, 2008, in Houston, Texas.

_\[signature\]_

Nancy K. Johnson
United States Magistrate Judge
